Timothy L. Woznick, Wyo. Bar # 6-3949
Kari Hartman, Wyo. Bar # 8-6507
Crowley Fleck PLLP
PO Box 394
Cheyenne, WY 82003
(307) 426-4100
twoznick@crowleyfleck.com
khartman@crowleyfleck.com
*Attorneys for Farm Credit Services of America, FLCA*
*and Farm Credit Services of America, PCA*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FARM CREDIT SERVICES OF AMERICA, FLCA and FARM CREDIT SERVICES OF AMERICA, PCA, } | |
| Plaintiffs, } | |
| v. } | Docket No. _____ |
| MARK L. STURMAN and HEIDI L. STURMAN, } | |
| Defendants. } | |

## COMPLAINT FOR JUDGMENT ON NOTES, FORECLOSURE OF MORTGAGES AND RECOVERY OF PERSONAL PROPERTY

Plaintiffs Farm Credit Services of America, FLCA and Farm Credit Services of America, PCA, through their counsel, Crowley Fleck PLLP, for their Complaint against Defendants Mark L. Sturman and Heidi L. Sturman, state and allege as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS

1.      Plaintiff Farm Credit Services of America, FLCA ("***FLCA***") is a federally chartered entity formed pursuant to the Farm Credit Act, operating as a Federal Land Credit Association, and is authorized to do business in the State of Wyoming. FLCA's principal office is located in Nebraska and therefore, pursuant to 12 U.S.C. § 2258, is a citizen of Nebraska.

2.      Plaintiff Farm Credit Services of America, PCA ("***PCA***") is a federally chartered entity formed pursuant to the Farm Credit Act, operating as a Production Credit Association, and

is authorized to do business in the State of Wyoming. PCA's principal office is located in Nebraska and therefore, pursuant to 12 U.S.C. § 2258, is a citizen of Nebraska.

3.      Defendants, upon information and belief, are residents of Niobrara County, Wyoming.

### *FLCA Loans to Defendants*

4.      On or about May 7, 2018, FLCA made a loan to Defendants (Loan XXXXXX-XXX9423, hereafter the "***2018 FLCA Loan***"), as evidenced by a *Promissory Note (Installment Loan) and Loan Agreement* dated May 7, 2018 payable to FLCA in the original principal amount of $500,000.00 (as the same may have been subsequently amended from time to time, the "***2018 FLCA Note***"). A true and correct copy of the 2018 FLCA Note is attached hereto, marked Exhibit A.

5.      Defendants granted FLCA a *Real Estate Mortgage, Assignment of Rents and Fixture Filing* dated May 7, 2018 ("***2018 FLCA Mortgage***") to secure payment of the 2018 FLCA Note. A true and correct copy of the 2018 FLCA Mortgage is attached hereto, marked Exhibit B. The 2018 FLCA Mortgage encumbers certain real property in Goshen County, Wyoming, as more fully described therein (the "***Real Property***").

6.      On or about March 6, 2020, FLCA made a loan to Defendants (Loan XXXXXX-XXX4085, hereafter the "***2020 FLCA Loan***" and, together with the 2018 FLCA Loan, the "***FLCA Loans***"), as evidenced by a *Promissory Note (Installment Loan) and Loan Agreement* dated March 6, 2020 payable to FLCA in the original principal amount of $53,000.00 (as the same may have been subsequently amended from time to time, the "***2020 FLCA Note***" and, together with the 2018 FLCA Note, the "***FLCA Notes***"). A true and correct copy of the 2020 FLCA Note is attached hereto, marked Exhibit C.

7.      Defendants granted FLCA a *Real Estate Mortgage, Security Agreement, Assignment of Rents and Fixture Filing* dated March 6, 2020 ("***2020 FLCA Mortgage***") to secure payment of the 2020 FLCA Note. A true and correct copy of the 2020 FLCA Mortgage, which encumbers the Real Property, is attached hereto, marked Exhibit D.

*PCA Loans to Defendants*

8.      On or about March 6, 2020, PCA made a loan to Defendants (Loan XXXXXX-XXX5194, hereafter "***2020 PCA Loan 1***"), as evidenced by a *Promissory Note (Installment Loan) and Loan Agreement* dated March 6, 2020 payable to PCA in the original principal amount of $67,000.00 (as the same may have been subsequently amended from time to time, "***2020 PCA Note 1***"). A true and correct copy of 2020 PCA Note 1 is attached hereto, marked Exhibit E.

9.      Defendants executed and delivered to PCA a Security Agreement dated March 6, 2020 ("***2020 PCA Security Agreement***") to secure payment of 2020 PCA Note 1. A true and correct copy of the 2020 PCA Security Agreement is attached hereto, marked Exhibit F. The 2020 PCA Security Agreement grants PCA a security interest in various categories of Defendants' personal property (the "***Personal Property Collateral***").

10.     On or about March 6, 2020, PCA made a second loan to Defendants (Loan XXXXXX-XXX5231, hereafter "***2020 PCA Loan 2***"), as evidenced by a *Promissory Note (Operating Loan) and Loan Agreement* dated March 6, 2020 payable to PCA in the original principal amount of $220,000.00 (as the same may have been subsequently amended from time to time, "***2020 PCA Note 2***"). A true and correct copy of 2020 PCA Note 2 is attached hereto, marked Exhibit G.

11.    Defendants granted PCA a *Real Estate Mortgage, Security Agreement, Assignment of Rents and Fixture Filing* Mortgage dated March 6, 2020 ("**2020 PCA Mortgage**") to secure payment of 2020 PCA Note 2. A true and correct copy of the 2020 PCA Mortgage, which encumbers the Real Property, is attached hereto, marked Exhibit H.

12.    The 2020 PCA Note 2 was amended no fewer than five times. Thereafter, as part of a restructure of 2020 PCA Loan 2 (the "**Restructure**"), Defendants executed and delivered to PCA a new *Promissory Note (Operating Loan) and Loan Agreement* to evidence 2020 PCA Loan 2, payable to PCA and dated November 3, 2021 in the modified principal amount of $65,000.00, a true and correct copy of which is attached hereto, marked Exhibit I. This note is included within the definition of "2020 PCA Note 2" (defined above).

13.    In connection with the Restructure, Defendants granted PCA a Mortgage dated November 3, 2021 ("**2021 PCA Mortgage**") to further secure payment of 2020 PCA Note 2. A true and correct copy of the 2021 PCA Mortgage, which encumbers the Real Property, is attached hereto, marked Exhibit J.

14.    In connection with the Restructure, Defendants also executed and delivered to PCA a Security Agreement dated November 3, 2021 ("**2021 PCA Security Agreement**" and, together with the 2020 PCA Security Agreement, the "**Security Agreements**") to further secure payment of 2020 PCA Note 2. A true and correct copy of the 2021 PCA Security Agreement is attached hereto, marked Exhibit K. The 2021 PCA Security Agreement grants PCA a security interest in the Personal Property Collateral.

15.    On or about November 3, 2021, PCA made a new loan to Defendants (Loan XXXXXX-XXX8341, hereafter the "**2021 PCA Loan**" and, together with 2020 PCA Loan 1 and 2020 PCA Loan 2, the "**PCA Loans**"), as evidenced by a *Promissory Note (Operating Loan) and*

*Loan Agreement* dated November 3, 2021 payable to PCA in the original principal amount of $310,000.00 (as the same may have been subsequently amended from time to time, "***2021 PCA Note***"). A true and correct copy of the 2021 PCA Note is attached hereto, marked <u>Exhibit L</u>. The 2021 PCA Mortgage also secures the 2021 PCA Loan.[1]

## <u>JURISDICTION AND VENUE</u>

16.     FLCA and PCA incorporate the allegations in paragraphs 1 through 15 of the Complaint.

17.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because this dispute is between citizens of different states and the amount in controversy exceeds $75,000.

18.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because each of the Defendants is a resident of the state of Wyoming, in which this district is located, and because a substantial part of the events giving rise to the claims herein occurred in the state of Wyoming.

### <u>COUNT I</u>
### <u>(Judgment on the FLCA Notes)</u>

19.     FLCA and PCA incorporate the allegations in paragraphs 1 through 18 of the Complaint.

20.     Defendants are in default under the FLCA Notes.

a.     Defendants are in default under the 2018 FLCA Note by virtue of the cross-default provision in that note due to the occurrence of the 2020 FLCA Loan Default, the 2020 PCA Loan 1 Default, the 2020 PCA Loan 2 Default and the 2021 PCA Loan Default (all defined below).

---

[1] In addition, all of the loans referenced in this Complaint are cross-collateralized with each other by virtue of the provisions of the loan documents applicable to such loans.

b.      Defendants are in default under the 2020 FLCA Note because (i) they failed to make the payments required by that note when due (the "***2020 FLCA Loan Default***") and (ii) by virtue of the cross-default provision in that note due to the occurrence of the 2020 PCA Loan 1 Default, the 2020 PCA Loan 2 Default and the 2021 PCA Loan Default.

21.      By reason of Defendants' default under the FLCA Notes, the entire unpaid balance of each of the FLCA Loans is due and payable in full. As of July 6, 2022 (a) the balance of the 2018 FLCA Loan was $475,058.28, with additional interest accruing at $103.50 per day thereafter and (b) the balance of the 2020 FLCA Loan was $55,458.00, with additional interest accruing at $11.50 per day thereafter.

22.      Under the terms of the FLCA Notes, Defendants agreed to pay all costs of collection, including reasonable attorneys' fees.

23.      FLCA is entitled to judgment against Defendants for all amounts due under the FLCA Notes.

**WHEREFORE** FLCA prays for judgment against Defendants on Count I of this Complaint as follows:

A.      For judgment that includes (1) the sum of $530,516.28, the amount owing on the FLCA Notes as of July 6, 2022, (2) accrued interest on the principal balance owing on the FLCA Notes from July 6, 2022 until the date of judgment, (3) amounts due and owing for advances made by FLCA to protect its security, if any, and interest thereon in accordance with the loan documents applicable to the FLCA Loans, (4) FLCA's reasonable attorneys' fees and costs incurred herein, and (5) any other amounts recoverable under the FLCA Notes;

B.      That the judgment bear interest on the amount thereof in accordance with Wyo.

Stat. § 1-16-102;

C.      That the judgment provide for FLCA's reasonable attorneys' fees and costs

incurred post-judgment; and

D.      For such other and further relief as may be appropriate under the circumstances.

## COUNT II
## (Judgment on the PCA Notes)

24.     FLCA and PCA incorporate the allegations in paragraphs 1 through 23 of the

Complaint.

25.     Defendants are in default under the PCA Notes as set forth below.

a.      Defendants are in default under 2020 PCA Note 1 (i) because they failed

to make the payments required by that note when due (the "***2020 PCA Loan 1 Default***")

and (ii) by virtue of the cross-default provision in that note due to the occurrence of the

2020 FLCA Loan Default, the 2020 PCA Loan 2 Default and the 2021 PCA Loan

Default.

b.      Defendants are in default under 2020 PCA Note 2 (i) because that note

matured on February 1, 2022, and Defendants failed to pay all amounts due under that

note at that time (the "***2020 PCA Loan 2 Default***") and (ii) by virtue of the cross-default

provision in that note due to the occurrence of the 2020 FLCA Loan Default, the 2020

PCA Loan 1 Default and the 2021 PCA Loan Default.

c.      Defendants are in default under the 2021 PCA Note (i) because that note

matured on February 1, 2022, and Defendants failed to pay all amounts due under that

note at that time (the "***2021 PCA Loan Default***") and (ii) by virtue of the cross-default

provision in that note due to the occurrence of the 2020 FLCA Loan Default, the 2020 PCA Loan 1 Default and the 2020 PCA Loan 2 Default.

26.    By reason of the foregoing defaults under the PCA Notes, the entire unpaid balance of each of the PCA Loans is due and payable in full. As of July 6, 2022:

    a.    The balance of 2020 PCA Loan 1 was $69,104.43, with additional interest accruing at $17.30 per day thereafter;

    b.    The balance of 2020 PCA Loan 2 was $51,095.04, with additional interest accruing at $16.56 per day thereafter; and

    c.    The balance of the 2021 PCA Loan was $325,379.44, with additional interest accruing at $103.33 per day thereafter.

27.    Under the terms of the PCA Notes, Defendants agreed to pay all costs of collection, including reasonable attorneys' fees.

28.    PCA is entitled to judgment against Defendants for all amounts due under the PCA Notes.

**WHEREFORE** PCA prays for judgment against Defendants on Count II of this Complaint as follows:

A.    For judgment that includes (1) the sum of $445,578.91, the amount owing on the PCA Notes as of July 6, 2022, (2) accrued interest on the principal balance owing on the PCA Notes from July 6, 2022 until the date of judgment, (3) amounts due and owing for advances made by PCA to protect its security, if any, and interest thereon in accordance with the loan documents applicable to the PCA Loans, (4) PCA's reasonable attorneys' fees and costs incurred herein, and (5) any other amounts recoverable under the PCA Notes;

B.      That the judgment bear interest on the amount thereof in accordance with Wyo. Stat. § 1-16-102;

C.      That the judgment provide for PCA's reasonable attorneys' fees and costs incurred post-judgment (including those incurred in connection with post-judgment services relating to the remedies sought under Counts III and IV of this Complaint or otherwise); and

D.      For such other and further relief as may be appropriate under the circumstances.

## COUNT III
### (Foreclosure of Mortgages)

29.     FLCA and PCA incorporate the allegations in paragraphs 1 through 28 of the Complaint.

30.     As set forth above, Defendants are in default under all of the Notes due to their failure to abide by the payment terms of the Notes and/or the cross-default provision contained in each of the Notes.

31.     Defendants are in default under the Mortgages due to Defendants' default under the Notes.

32.     The Mortgages provide that upon default, FLCA and PCA (as applicable) are entitled to foreclose the Mortgages as provided by with law.

33.     FLCA and PCA are entitled to a decree that allows FLCA and PCA to foreclose one or more of the Mortgages, as they may elect, and to sell the Real Property in accordance with law.

**WHEREFORE**, FLCA and PCA pray for judgment against Defendants on Count III of this Complaint as follows:

A.      For a decree and order of sale that the one or more of the Mortgages, as FLCA and PCA may elect, be foreclosed and the Real Property be sold at a foreclosure sale by the Sheriff of Goshen County, Wyoming in accordance with law; and

B.      For such other and further relief as may be appropriate under the circumstances.

## COUNT IV
### (Recovery and Sale of Personal Property Collateral)

34.     FLCA and PCA incorporate the allegations contained in paragraphs 1 through 33 of the Complaint.

35.     Due to Defendants' defaults under the PCA Loans, PCA is entitled to take possession of and sell the Personal Property Collateral pursuant to the Security Agreements.

**WHEREFORE**, PCA prays for judgment against Defendants on Count IV of this Complaint as follows:

A.      For judgment (1) granting PCA possession of the Personal Property Collateral, (2) directing the sheriffs of the counties in which the Personal Property Collateral can be found to seize and take possession of the same and deliver it to PCA; and (3) authorizing PCA to exercise its remedies under the Security Agreements and applicable law, including those remedies available under the Wyoming Uniform Commercial Code ("*UCC*"), as to the Personal Property Collateral, including, without limitation, sale of the Personal Property Collateral in accordance with the Security Agreements and the UCC;

B.      If requested by PCA, for a pre-judgment writ of replevin and an order providing for the same in accordance with Wyoming law, including Articles 1 and 3 of Chapter 15 of Title 1 of the Wyoming Statutes; and

C.      For such other and further relief as the Court deems just and equitable.

DATED this 6th day of July, 2022.

/s/ Timothy L. Woznick
Timothy L. Woznick, Wyo. Bar # 6-3949
Kari Hartman, Wyo. Bar # 8-6507
Crowley Fleck PLLP
PO Box 394
Cheyenne, WY 82003
(307) 426-4100
twoznick@crowleyfleck.com
khartman@crowleyfleck.com

*Attorneys for Farm Credit Services of America, FLCA*
*and Farm Credit Services of America, PCA*