

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FARM CREDIT SERVICES OF AMERICA,  }
FLCA and FARM CREDIT SERVICES OF   }
AMERICA, PCA,                      }
                                    }
    Plaintiffs,            }
                                    }
  v.                               } Docket No. 1:22-CV-000147-SWS
                                    }
MARK L. STURMAN and                 }
HEIDI L. STURMAN,                   }
                                    }
    Defendants.            }

## STIPULATED JUDGMENT AND DECREE OF FORECLOSURE

This matter is before the Court on the *Joint Motion for Entry of Stipulated Judgment and Decree of Foreclosure* (the "*Motion*") filed by Plaintiffs Farm Credit Services of America, FLCA ("*FLCA*") and Farm Credit Services of America, PCA ("*PCA*") and Defendants Mark L. Sturman and Heidi L. Sturman. The Court having reviewed the Motion and the contents of the file, and being fully advised, finds as follows:

  A.  Defendants are indebted to FLCA for the following loans:

    1.  Loan # XXXXXX-XXX9423 ("*2018 FLCA Loan*"), which loan (a) is evidenced by that certain *Promissory Note (Installment Loan) and Loan Agreement* dated May 7, 2018 in the original principal amount of $500,000.00 given by Defendants to FLCA (such note, together with all amendment, modification, and change in terms agreements, the "*2018 FLCA Note*"), and (b) together with the 2018 FLCA Note and the indebtedness payable thereunder, is secured by a *Real Estate Mortgage, Security Agreement, Assignment of Rents and Fixture Filing* dated May 7, 2018 and recorded in the real property records of the Goshen County, Wyoming Clerk ("*Records*") on May 17, 2018 in Book 926, Page 98, Rec. No. 960477 (the "*2018 FLCA Mortgage*" and, together with the 2018 FLCA Note

and all other agreements, documents and instruments executed and/or delivered in connection with or related to the 2018 FLCA Loan, whether their purpose is to evidence, secure or otherwise document 2018 FLCA Loan, the "***2018 FLCA Loan Documents***"); and

      2.    Loan # XXXXXX-XXX4085 ("***2020 FLCA Loan***" and, together with the 2018 FLCA Loan, the "***FLCA Loans***"), which loan (a) is evidenced by that certain *Promissory Note (Installment Loan) and Loan Agreement* dated March 6, 2020 in the original principal amount of $53,000.00 given by Defendants to FLCA (such note, together with all amendment, modification, and change in terms agreements, the "***2020 FLCA Note***"), and (b) together with the 2020 FLCA Note and the indebtedness payable thereunder, is secured by a *Real Estate Mortgage, Security Agreement, Assignment of Rents and Fixture Filing* dated March 6, 2020 and recorded in the Records on March 12, 2020 in Book 948, Page 129, Rec. No. 972910 (the "***2020 FLCA Mortgage***" and, together with the 2020 FLCA Note and all other agreements, documents and instruments executed and/or delivered in connection with or related to the 2020 FLCA Loan, whether their purpose is to evidence, secure or otherwise document 2020 FLCA Loan, the "***2020 FLCA Loan Documents***").

The 2018 FLCA Loan Documents and the 2020 FLCA Loan Documents are hereafter collectively referred to as the "***FLCA Loan Documents***".

    B.    Defendants are indebted to PCA for the following loans:

      1.    Loan # XXXXXX-XXX5194 ("***2020 PCA Loan 1***"), which loan (a) is evidenced by that certain *Promissory Note (Installment Loan) and Loan Agreement* dated March 6, 2020 in the original principal amount of $67,000.00 given by Defendants to PCA

(such note, together with all amendment, modification, and change in terms agreements, "*2020 PCA Note 1*"), and (b) together with 2020 PCA Note 1 and the indebtedness payable thereunder, is secured by a *Security Agreement* dated March 6, 2020 (the "*2020 PCA Security Agreement*" and, together with 2020 PCA Note 1 and all other agreements, documents and instruments executed and/or delivered in connection with or related to 2020 PCA Loan 1, whether their purpose is to evidence, secure or otherwise document 2020 PCA Loan 1, the "*2020 PCA Loan 1 Documents*");

      2.      Loan # XXXXXX-XXX5231 ("*2020 PCA Loan 2*"), which loan was originally evidenced by that certain *Promissory Note (Installment Loan) and Loan Agreement* dated March 6, 2020 in the original principal amount of $220,000.00 given by Defendants to PCA ("*Original 2020 PCA Note 2*"). To secure Original 2020 PCA Note 2 and the indebtedness payable thereunder, Defendants executed and delivered to PCA a *Real Estate Mortgage, Security Agreement, Assignment of Rents and Fixture Filing* dated March 6, 2020 and recorded in the Records on March 12, 2020 in Book 948, Page 130, Rec. No. 972911 (the "*2020 PCA Mortgage*"). Original 2020 PCA Note 2 was amended no fewer than five times. Thereafter, as part of a restructure of 2020 PCA Loan 2 (the "*Restructure*"), Defendants executed and delivered to PCA a new *Promissory Note (Operating Loan) and Loan Agreement* to evidence 2020 PCA Loan 2, payable to PCA and dated November 3, 2021, in the updated principal amount of $65,000.00 ("*New 2020 PCA Note 2*"), which is secured by the 2020 PCA Mortgage. In connection with the Restructure, to further secure payment of New 2020 PCA Note 2, Defendants granted PCA (a) a *Real Estate Mortgage, Security Agreement, Assignment of Rents and Fixture Filing* dated November 3, 2021 and recorded in the Records on December 21, 2021 in Book 969, Page

156, Rec. No. 985083 ("*2021 PCA Mortgage*") and (b) a *Security Agreement* dated as of November 3, 2021 ("*2021 PCA Security Agreement*"). Original 2020 PCA Note 2, New 2020 PCA Note 2, the 2020 PCA Mortgage, the 2021 PCA Mortgage, the 2021 PCA Security Agreement, and all other agreements, documents and instruments executed and/or delivered in connection with or related to 2020 PCA Loan 2, whether their purpose is to evidence, secure or otherwise document 2020 PCA Loan 2, are hereafter referred to as the "*2020 PCA Loan 2 Documents*"; and

      3.      Loan # XXXXXX-XXX8341 ("*2021 PCA Loan*" and, together with 2020 PCA Loan 1 and 2020 PCA Loan 2, the "*PCA Loans*"), which loan (a) is evidenced by that certain *Promissory Note (Installment Loan) and Loan Agreement* dated November 3, 2021 in the original principal amount of $310,000.00 given by Defendants to PCA (such note, together with all amendment, modification, and change in terms agreements, the "*2021 PCA Note*"), and (b) together with the 2021 PCA Note and the indebtedness payable thereunder, is (in addition to 2020 PCA Loan 2) secured by the 2020 PCA Mortgage, the 2021 PCA Mortgage and the 2021 PCA Security Agreement. The 2021 PCA Note, the 2021 PCA Mortgage, the 2021 PCA Security Agreement, and all other agreements, documents and instruments executed and/or delivered in connection with or related to the 2021 PCA Loan, whether their purpose is to evidence, secure or otherwise document the 2021 PCA Loan, the "*2021 PCA Loan Documents*").

The 2020 PCA Loan 1 Documents, the 2020 PCA Loan 2 Documents and the 2021 PCA Loan Documents are hereafter collectively referred to as the "*PCA Loan Documents*." The PCA Loan Documents and the FLCA Loan Documents are hereafter collectively referred to as the "*Loan*

*Documents.*" The PCA Loans and the FLCA Loans are hereafter collectively referred to as the "*Loans.*"

C.  Each of the 2018 FLCA Mortgage, the 2020 FLCA Mortgage, the 2020 PCA Mortgage and the 2021 PCA Mortgage (collectively the "*Mortgages*") encumbers Defendants' real property located in Goshen County, Wyoming, described as follows (the "*Real Property*"):

> Township 29 North, Range 61 West of the 6th P.M.
> Section 5: Lot 4
> Section 6: Lots 1, 2, 3, 4, W½SE¼, SE¼NE¼
>
> Township 30 North, Range 61 West of the 6th P.M.
> Section 31: Lots 1, 2, 3, 4, E½W½, E½
>
> Township 29 North, Range 61 West of the 6th P.M.
> Section 5: Lots 1, 2 ,3, S½NE¼, S½NW¼, S½
> Section 6: E½SE¼
> Section 7: NE¼

The 2018 FLCA Mortgage, the 2020 FLCA Mortgage, the 2020 PCA Mortgage and the 2021 PCA Mortgage encumber the Real Property as first-position, second-position, third-position and fourth-position liens, respectively.

D.  The 2020 PCA Security Agreement and the 2021 PCA Security Agreement (the "*Security Agreements*") both encumber all of the following property wherever located in which Defendants have or claim an interest, and in all increases, additions, accessions thereto and substitutions therefor now owned or hereafter acquired, or held on consignment, including all proceeds and products thereof (all collectively the "*Personal Property Collateral*"):

> **Goods and Equipment.** All goods, equipment, vehicles, rolling stock, machinery, inventory, parts, tools and fixtures (including any accessions, additions, improvements, attachments and accessories thereto, and all operating manuals, service records, maintenance logs and warranties applicable thereto).
>
> **Farm Products.** All farm products including, but not limited to, all poultry and livestock, together with all issue, products, replacements, and produce thereof; all

feed, hay, grain, medicines, and supplies used or produced in connection therewith; and all contracts, leases, licenses, permits and privileges for water, pasture, or grazing purposes, all crops now growing or hereafter planted or grown, whether harvested, unharvested or stored; all products of crops and all seed fertilizer, chemicals and supplies used or produced in connection with any crop, and all other supplies used or produced in Defendants' operations or sold as inventory, and the rights to payments associated with all or any of the foregoing including without limitation crop insurance or other insurance policies and proceeds related to any of the foregoing.

**Inventory and Goods**. All inventory, work in process and other goods owned by Defendants, and any inventory consigned to or by any Defendant, with any third party of any nature.

**Accounts, General Intangibles and Other Rights to Payment**. All accounts, receivables, promissory notes, deposit accounts, margin accounts, commodity accounts, hedging accounts, contract rights, general intangibles (including, without limitation, patents trademarks, copyrights and other intellectual property), payment intangibles, letters of credit, letter of credit rights and supporting obligations, chattel paper, investment property, documents, instruments, insurance proceeds, money, all government subsidies, tax refunds and other government payments or rights thereto and all other rights to payment now existing and hereafter acquired, from any and all sources.

**Books and Records**. All books, records, ledger sheets or cards, reports, invoices, purchase orders, customer lists, mailing lists, files, correspondence, computer programs, tapes, disks and other documents or data processing software that at any time relates to any of the foregoing or are otherwise necessary or helpful in realizing on or collecting on any Personal Property Collateral.

**Fixtures/Irrigation Equipment/Construction Materials**. All construction materials, fixtures and irrigation equipment including, without limitation, all silos, bins, removable structures, tanks, wells, pumps, motors, sprinkler systems and sprinkler heads, gear heads, pipe, and generators.

**Products and Proceeds**. All products and proceeds of any of the above.

E.     All principal, interest, costs and expenses due in connection with the FLCA Loans (whether under the FLCA Notes or otherwise) is referred to herein collectively as the "***FLCA Indebtedness***." As of November 23, 2022, the amount of the FLCA Indebtedness is $553,689.71, which includes:

6

      1.      Principal of $456,624.40 and interest of $32,924.10 on the 2018 FLCA Loan;

      2.      Principal of $52,000.57 and interest of $5,067.13 on the 2020 FLCA Loan; and

      3.      Attorney fees and costs incurred by FLCA in collecting the FLCA Loans of $7,073.51, which attorney fees and costs are also recoverable and due under the Loan Documents.

Pursuant to the terms of the FLCA Loan Documents, each of the 2018 FLCA Mortgage and the 2020 FLCA Mortgage secure all of the FLCA Indebtedness (subject to any maximum lien amount stated therein).

      F.      All principal, interest, costs and expenses due in connection with the PCA Loans (whether under the PCA Notes or otherwise) is referred to herein collectively as the "***PCA Indebtedness***" (together, with the FLCA Indebtedness, the "***Indebtedness***"). As of November 23, 2022, the amount of the PCA Indebtedness is $421,310.79, which includes:

      1.      Principal of $63,281.97 and interest of $276.76 on 2020 PCA Loan 1;

      2.      Principal of $34,929.99, interest of $225.11, and fees of $75.00 on 2020 PCA Loan 1;

      3.      Principal of $310,000.00 and interest of $1,963.34 on the 2020 FLCA Loan; and

      4.      Attorney fees and costs incurred by PCA in collecting the PCA Loans of $10,610.27, which attorney fees and costs are also recoverable and due under the Loan Documents.

7

Pursuant to the terms of the PCA Loan Documents, each of the Security Agreements, the 2020 PCA Mortgage and the 2021 PCA Mortgage secure all of the PCA Indebtedness (subject to any maximum lien amount stated therein).

G. Defendants are in default under the FLCA Loan Documents, either because they failed to make payments when due on one or more of the FLCA Loans or pursuant to the cross-default provisions of the FLCA Loan Documents.

H. Defendants are in default under the PCA Loan Documents, either because they failed to make payments when due on one or more of the PCA Loans or pursuant to the cross-default provisions of the PCA Loan Documents.

I. The Parties entered into a Settlement Agreement ("*Agreement*") in which, among other things, they agreed that this Judgment should be entered in favor of Plaintiffs and against Defendants. In the Motion, the parties asked this Court to enter this Judgment and approve the Agreement, which is attached to the Motion.

J. Good cause exists to grant the Motion.

Accordingly, it is hereby **ORDERED** as follows:

1. The Agreement is hereby approved.

2. A money judgment is hereby entered in favor of Farm Credit Services of America, FLCA and against Defendants Mark L. Sturman and Heidi L. Sturman (the "Sturmans"), jointly and severally, in the amount of $553,689.71. Interest shall accrue on the unpaid amount of this money judgment in accordance with 28 U.S.C. § 1961 at the rate of 4.73%.

3. A money judgment is hereby entered in favor of Farm Credit Services of America, PCA and against Defendants Mark L. Sturman and Heidi L. Sturman (the "Sturmans"), jointly and

severally, in the amount of $421,310.79. Interest shall accrue on the unpaid amount of this money judgment in accordance with 28 U.S.C. § 1961 at the rate of 4.73%.

4. FLCA and PCA are entitled to foreclose the Mortgages and to sell the Real Property in accordance with applicable Wyoming law, and the Court hereby directs the sale on foreclosure of the Mortgages in the order Plaintiffs choose. Each of the Mortgages shall continue to encumber the Real Property and be enforceable in accordance with its terms until (i) released by Plaintiffs or (ii) the lien of such Mortgage terminates pursuant to a foreclosure of such Mortgage in accordance with Wyoming law. FLCA or PCA, as the case may be, in foreclosing a Mortgage, shall publish notice of the sale in accordance with 34-4-104(a) (the "***Sale Notice***"). For any foreclosure sale conducted pursuant to a Mortgage, Plaintiffs shall apply to this Court for an order confirming such sale, which order shall, among other things, fix the amount to be credited to the money judgment in question based on the sale proceeds.

5. PCA is entitled to possession of the Personal Property Collateral and to foreclose its security interests in and sell the Personal Property Collateral in accordance with the Wyoming Uniform Commercial Code. Defendants shall, upon written request of PCA, deliver any Personal Property Collateral to PCA demanded in such written request. If Defendants shall fail to do so within ten (10) days of such written request, the U.S. Marshal for the District of Wyoming shall, upon written request of PCA, seize such Personal Property Collateral as specified by PCA and deliver the same to PCA. The net proceeds of any sale of the Personal Property Collateral shall be reported to the Court and credited to the above judgment in favor of PCA via a partial satisfaction of judgment filed by PCA within fifteen (15) days of such sale.

6.      Plaintiff may, if it so elects, foreclose any Mortgage contemporaneously with a sale of the Personal Property Collateral. If it elects to do so, it shall include the categories of Personal Property Collateral to be included in the sale in the Sale Notice.

7.      So long as Defendants are not in default under the Agreement, Plaintiffs shall refrain from foreclosing on the Real Property and the Personal Property Collateral until March 1, 2023. After such time, Plaintiffs may foreclose on the Real Property and the Personal Property Collateral and avail themselves of any other remedies they have under the Loan Documents. Plaintiffs are entitled to recover and shall have their reasonable attorneys' fees and expenses incurred in enforcing this judgment.

8.      The Court retains jurisdiction to confirm the foreclosure sale of the Real Property after any sale has been conducted and to enforce the terms of the Agreement.

BY THE COURT:

_____
HON. SCOTT W. SKAVDAHL
UNITED STATES DISTRICT JUDGE

*Approved as to form and content*:

_____/s/ Timothy L. Woznick_____
Timothy L. Woznick
Crowley Fleck PLLP
*Attorneys for Farm Credit Services of America,*
*FLCA and Farm Credit Services of America, PCA*

_____/s/ Bradley T. Hunsicker_____
Bradley T. Hunsicker
Markus Williams Young & Hunsicker LLC
*Attorneys for Mark L. Sturman and*
*Heidi L. Sturman*